

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Wolk v. Westport Ins Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1486

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wolk v. Westport Ins Corp" (2008). *2008 Decisions.* Paper 1209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1486

ARTHUR ALAN WOLK;
ARTHUR ALAN WOLK ASSOCIATES,
d/b/a/ The Wolk Law Firm,
                                        Appellants

v.

WESTPORT INSURANCE CORPORATION

On Appeal from the United States District Court
for the Eastern District of Pennyslvania
D.C. Civil Action No. 06-cv-05346
(Honorable John P. Fullam)

Argued April 15, 2008

Before: SLOVITER, JORDAN and ALARCÓN[*], *Circuit Judges*.

(Filed: May 7, 2008)

David B. Picker [ARGUED]
Paul R. Rosen [ARGUED]
Andrew J. DeFalco
Spector Gadon & Rosen, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103

---

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

*Counsel for Appellants*

Jeffrey J. Ward [Argued]
Thompson, Loss & Judge, LLP
Two Lafayette Centre
1133 21st Street, NW
Suite 4500
Washington, DC 20036

Michael N. Onufrak
White & Williams
1800 One Liberty Place
Philadelphia, PA 19103
   *Counsel for Appellee*

---

## AMENDED OPINION OF THE COURT

---

ALARCÓN, *Circuit Judge*.

Arthur Alan Wolk and his law firm, Arthur Alan Wolk Associates d/b/a The Wolk Law Firm, appeal from the district court's order granting summary judgment in favor of the Westport Insurance Corporation ("Westport"), and dismissing with prejudice the plaintiffs' action for breach of a professional liability insurance contract, the state law tort of bad faith refusal to cover and defend in violation of 42 Pennsylvania Consolidated Statutes section 8371, and recovery under quantum meruit. Wolk and his law firm contend that the district court erred in concluding that Westport was not required to provide coverage or a defense because Westport never received written notice that a claim had been made against them.

We will vacate the order granting summary judgment and dismissing this action with prejudice.

## I

Because the facts set forth in the complaint and the attached exhibits are known to the parties, we only recite these facts that are relevant to deciding whether the district court erred in granting summary judgment and dismissing this action with prejudice.

## A

Arthur Alan Wolk ("Wolk") filed a products liability action against Precision Airmotive Corporation ("Precision"), and other defendants in the Court of Common Pleas, on behalf of Albert D. Eigen ("Eigen"), the personal representative of three persons killed in an airplane crash. Midway through trial, the case settled. Eigen filed a petition to enforce the settlement agreement. Precision filed an answer to the petition to enforce the settlement agreement, and a petition for relief from the settlement agreement.

Precision alleged in its petition for relief that Eigen falsely asserted during discovery proceedings that Martin Eigen, the pilot of the airplane that crashed, did not have a personal insurance policy covering any claim resulting from his operation of the airplane. Precision also asserted that Eigen and Wolk "falsely represented to Precision in sworn written discovery responses that: There was no liability policy covering Martin Eigen's piloting for this accident [sic] . . . ."

3

Precision further alleged that "Mr. Wolk and Albert Eigen concealed the insurance policy from Precision so that the estates of Joan and Mollie Eigen could get the maximum settlement in this case . . . ." Precision maintains that it was entitled to relief "for the concealment and misconduct by the estates, their attorneys, and the insurer. The flagrant discovery abuses in this case deserve harsh sanctions." Precision requested that the court enter "an order imposing punishment for contempt." The Court of Common Pleas denied the petition for relief, and granted Eigen's petition to enforce the settlement.

**B**

Precision appealed to the Superior Court of Pennsylvania from the order granting the petition to enforce the settlement. The Superior Court affirmed the order granting the petition to enforce the settlement, reversed the order denying the petition for relief, and remanded for an evidentiary hearing.

The Superior Court concluded that Precision had presented strong prima facie evidence that Eigen provided false discovery responses regarding whether the pilot of the airplane was insured for liability for injury suffered by his passengers. In an obvious reference to Wolk, the Superior Court stated: "Advocates of our legal system owe a duty of candor to the tribunal, and a duty of fairness to opposing parties and opposing counsel." In a later passage, the Superior Court stated that "this Court wishes to express its deep concern that Eigen and/or his counsel may be playing fast and loose with our

4

legal system. On remand, we respectfully urge the trial court to be sensitive to this possibility."

In its conclusion, the Superior Court also stated: "We do not declare at this junction that Eigen or his counsel committed fraud in the inducement. Rather, we merely hold that Precision has presented such strong *prima facie* evidence of fraud that the court should have held an evidentiary hearing." On April 20, 2005, the Superior Court remanded the matter for further proceedings consistent with its opinion.[1]

**II**

On April 21, 2005, Wolk wrote a letter to a Westport claims representative as a claimant under Policy Number PLL 344599, and enclosed a copy of the Superior Court's decision in the Eigen action. Wolk stated: "I will be happy to discuss this with you further, but I think we are going to need counsel." On May 11, 2005, a Westport claims specialist informed Wolk that "it is my understanding that this potential claim arises from your representation of the Eigen family as plaintiffs as a result of an airplane crash."

In a letter dated September 29, 2005, Wolk stated: "The fact that Precision's lawyer has claimed fraud does not, in my view, mitigate [Westport's] obligation to

---

[1] We note that, on remand, upon adjudicating Precision's claims of misconduct against Wolk, his law firm, and Eigen as directed by the Superior Court, the Court of Common Pleas of Philadelphia County found those claims to be unsupported and dismissed all of Precision's claims of fraud against them. *See Eigen v. Textron Lycoming Reciprocating Engine Div.*, May Term, 2001, No. 3079, 2006 Phila.Ct.Com.Pl. LEXIS 60 (C.P. Phila. Co., Jan. 31, 2006).

5

provide me with a defense, which [Westport] has yet to do." Wolk also informed Westport that he had retained two attorneys, and would hire another "to defend myself in this case."

Wolk also alleged in his complaint against Westport that Eigen's attorney orally informed Wolk that Eigen intended to hold Wolk liable for Precision's full share of the settlement if he was unsuccessful in the remand proceedings. In a letter dated November 7, 2005, a Westport claims specialist informed Wolk that it was under no obligation to defend him because "there are no pleadings or proceedings directed specifically against you or your firm."

### III

### A

On November 16, 2006, Wolk and his law firm filed this action in the Court of Common Pleas against Westport. He alleged that it had breached its insurance contract and acted in bad faith by refusing to defend Wolk against Precision's claim that Wolk had fraudulently induced it to settle the claims filed by Eigen arising from the airplane crash. Westport removed this action to the district court.

On December 13, 2006, Westport filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Westport asserted that "Precision Airmotive's complaint against Eigen does not trigger Westport's duty to defend because Eigen is not Westport's

6

insured." Westport also asserted that the oral threat by Eigen's personal counsel that Eigen would hold Wolk responsible "if the settlement of the *Eigen* action was void due to its allegedly fraudulent procurement" did not invoke Westport's duty to defend because it was a mere potential claim, and was not reported in writing.

## B

On January 29, 2007, the district court entered the following order: "1. Defendant's motion for summary judgment is GRANTED. 2. This action is DISMISSED with prejudice. 3. The Clerk is directed to close the file." The district court did not explain why it converted Westport's motion to dismiss pursuant to Rule 12(b)(6) into a motion for summary judgment. It also entered this order without prior notice to the parties that it would treat Westport's Rule 12(b)(6) motion as a motion for summary judgment. In addition, the district court failed to indicate the standard of review that it applied in reaching its decision, nor did it cite any authority to support its conclusions.

## IV

"We have previously stated that the label a district court places on its disposition is not binding on an appellate court." *Rose v. Bartle*, 871 F.2d 331, 339-40 (3d Cir. 1989). However, "[w]e have held that it is reversible error for a district court to convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an

7

opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing." *Id.* at 342.

Rule 12(d) if the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Rule 56(c) requires that the parties have at least ten days notice before the court may consider the motion for summary judgment, and an opportunity to submit "pleadings, the discovery and disclosure materials on file, and any affidavits [to] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The district court never gave notice to the parties that it was converting the motion to dismiss into a motion for summary judgment. Moreover, the district court did not conduct a hearing concerning Westport's motion. This Court has held that it is undesirable for a district court to enter summary judgment without a hearing, unless the district court makes it "*clear beyond all doubt* that the parties must present their affidavits and counter-affidavits in addition to whatever facts appear in the pleadings, depositions, answers to interrogatories, and admissions on file." *Rose*, 871 F.2d at 341 (emphasis added). Furthermore, the district court never gave the parties time to conduct discovery

8

related to Wolk's claims. Therefore, the district court erred in entering summary judgment without giving the parties notice.

In its Rule 12(b)(6) motion, Westport argued that Wolk is seeking attorney's fees solely for representing Eigen at the evidentiary hearing following the remand of the petition for review. In his response, Wolk maintained that he was seeking attorney's fees pursuant to the policy issued by Westport because the Superior Court directed the Court of Common Pleas to determine whether Eigen *and* Wolk had committed fraud to induce a settlement. Thus, Wolk asserts he was entitled to representation at the evidentiary hearing to defend against Precision's fraud claim against him and his firm.

The district court found that "[n]o claim has ever been actually made against Mr. Wolk. The most that can be said is that there was notice of a possibility of a claim being asserted later. This does not amount to a claim." In making this finding, the district court may have overlooked the fact that the Superior Court had vacated the trial court's denial of the petition for review and remanded for an evidentiary hearing to determine whether Wolk and Eigen had committed fraud in the inducement to effect a settlement. The Superior Court did so based on its conclusion that Precision had presented "strong *prima facie* evidence" that false discovery responses had been proffered by Eigen and Wolk. Wolk submitted the Superior Court's opinion to Precision the day after it was issued and informed his insurer that "I think we are going to need counsel."

Viewing the facts in the light most favorable to Wolk, as the non-moving party, Precision's petition for review, as construed by the Superior Court, demonstrates that there may be a genuine issue of fact in dispute about whether Wolk was entitled to a defense under the policy against Precision's claim that he was guilty of fraud in the inducement. We cannot conclude from this record that no rational fact-finder could determine that Wolk failed to give Westport written notice of Precision's claim against him. The district court erred in determining the truth of this factual dispute. Thus, the district court's error in not providing the parties notice that it was converting the motion to dismiss into a motion for summary judgment was not harmless. Accordingly, we will vacate the order granting summary judgment and direct the district court to conduct further proceedings consistent with this opinion. The parties shall bear their own costs on this appeal.